IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD PETERSEN,<br><br>Petitioner,<br><br>vs.<br><br>PETE BLUDWORTH; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 21-52-M-DLC-KLD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On April 27, 2021, Petitioner Ronald Petersen, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1 at 8.) Petersen is a state prisoner proceeding pro se.

In the instant petition, Petersen challenges the district court's imposition of parole conditions, which he contends were entered in violation of Montana law See, *Id*. at 4, ¶13(A). Petersen also alleges that the conditions imposed as part of

---

[1] Under the "prison mailbox rule" a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).

1

his 2009 sentence have no nexus to the underlying Deliberate Homicide conviction. *Id*. He asks this Court to order that he be resentenced with a directive that the illegal sentencing conditions be removed. *Id*. at 7, ¶16. As set forth below, however, the petition should be dismissed because this Court lacks jurisdiction to hear Petersen's successive petition.

I. **Motion to Proceed in Forma Pauperis**

Petersen has moved this Court to proceed in forma pauperis. See, (Doc. 2.) After reviewing the motion and supporting account statement, it appears Petersen has sufficiently shown he cannot afford to pay all costs that may be associated with this action. Petersen's motion to proceed in forma pauperis will be granted.

II. **28 U.S.C. § 2254 Petition**

Petersen was charged with Deliberate Homicide in Montana's Twentieth Judicial District, Lake County. *Id*. at 2-3. Following a plea of guilty, Petersen was sentenced to 100 years in the Montana State Prison. *Id*. at 3. Written judgment was entered on March 23, 2009. *Id*. at 2. Petersen filed a direct appeal, sought postconviction relief, and appealed the denial of his postconviction petition. *Id*. at 3-4.

Petersen filed a prior habeas petition with this Court in which he alleged (1) trial counsel were ineffective for failing to challenge the validity of the arrest warrant, (2) trial counsel were ineffective for failing to challenge the admissibility

of his statement and the fruits of a subsequent search, and (3) that his guilty plea was the product of ineffective assistance of trial counsel. In two separate orders, this Court denied Petersen relief on all of his claims. See, *Petersen v. Frink*, Cause No. CV-12-125-M-D, Or. (D. Mont. Jan. 26, 2016)(denying Claims 2 & 3) & Or. (D. Mont. Feb. 29, 2016)(denying Claim 1).

### i. Analysis

As a preliminary matter, it appears that the claim Petersen attempts to advance is not cognizable in federal habeas. Federal habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by either a state trial court or appellate court. See, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Cacoperdo v. Demosthenes*, 37 F. 3d 504, 507 (9th Cir. 1994); *Souch v. Schaivo*, 289 F. 3d 616, 623 (9th Cir. 2002)(petitioner's state law sentencing claims insufficient to merit federal habeas relief); *Peltier v. Wright*, 15 F. 3d 860, 861-62 (federal habeas corpus relief is unavailable for alleged errors in interpretation and application of state law). On federal habeas review, the question "is not whether the state sentence committed state-law error," but whether the sentence imposed on the petitioner is "so arbitrary or capricious as to constitute an independent" due process violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). But even if Petersen were able to demonstrate the existence of an independent due process violation, this Court lacks jurisdiction.

In his prior habeas petition, Petersen challenged his 2009 judgment of conviction. Because he has already filed a federal habeas petition challenging his state conviction, this Court may not review Petersen's present petition unless and until he obtains leave from the Ninth Circuit Court of Appeals to file a second or successive petition. This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1).

A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Thus, Petersen is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Petersen obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). The petition should be dismissed.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court makes the following:

### ORDER

Mr. Petersen's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

### RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** for lack of jurisdiction.
2. The Clerk of Court should be directed to enter by separate document a

judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Petersen may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Petersen must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 7th day of May, 2021.

> */s/ Kathleen L. DeSoto*
> Kathleen L. DeSoto
> United States Magistrate Judge

---

[2]  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Petersen is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.