IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD PETERSEN, | CV 21–52–M–DLC–KLD |
| Petitioner, | |
| vs. | ORDER |
| PETE BLUDWORTH, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Order and Findings and Recommendations. (Doc. 4.) Judge DeSoto recommends that Petitioner Ronald Petersen's Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254 (Doc. 1) be dismissed for lack of jurisdiction. (Doc. 4.) Judge DeSoto also recommends that judgment be entered in Respondents' favor and that a certificate of appealability be denied. (*Id.*) Mr. Petersen has not filed any objections.

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *United States v. Reyna-Tapia*, 328

1

F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Reviewing for clear error, the Court finds none.

Mr. Petersen is serving a 100-year sentence in the Montana State Prison after pleading guilty to deliberate homicide. (Doc. 4 at 2.) In July 2012, Mr. Petersen first sought habeas relief before this Court which was ultimately denied in February of 2016. (Doc. 4 at 3.) This initial petition advanced ineffective assistance of counsel claims. (*Id.* at 2–3.) Mr. Petersen's current petition complains of a violation of his rights under the Fifth and Eighth Amendments arguing that the sentencing state court-imposed parole conditions in violation of Montana law. (Doc. 1 at 4.)

Irrespective of the merits of Mr. Petersen's new habeas claims, the Court agrees with Judge DeSoto that the problem in this case stems from Mr. Petersen's failure to first obtain leave from the Ninth Circuit Court of Appeals before filing his new petition. 28 U.S.C. § 2244(b)(3)(A). Absent such leave, this Court lacks the jurisdiction necessary to address Mr. Petersen's claims on the merits. *Burton v. Stewart*, 549 U.S. 147, 157 (2007). As a final matter, the Court finds no clear error in Judge DeSoto's determination that reasonable jurists would not disagree as to

the correctness of this procedural ruling, and, as such, a certificate of appealability shall not issue.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 4) is ADOPTED in full.

IT IS FURTHER ORDERED that Mr. Petersen's petition (Doc. 1) is DISMISSED without prejudice for failure to comply with the requirements of 28 U.S.C. § 2244.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of Court is directed to enter, by separate document, a judgment of dismissal and to close the case file.

DATED this 21st day of June, 2021.

Dana L. Christensen, District Judge
United States District Court